1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT W. VESTAL,

                 Petitioner,

       v.

KENNETH QUINN,

                 Respondent.

Case No.  C07-5688RBL

REPORT AND
RECOMMENDATION

Noted for **May 9, 2008**

     This matter has been referred to United States Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrates Rule MJR3 and MJR4.   Petitioner is seeking federal habeas relief, pursuant to 28 U.S.C. §2254.  He is challenging the legality of state jury convictions for First Degree Robbery, Residential Burglary, and First Degree Kidnaping, rising out of the Superior Court for Pierce County, Washington, in 2004.  Petitioner is specifically challenging the legality or constitutionality of his sentence, life in prison without the possibility of early release, based on the trial court's finding that he is a persistent offender.  Petitioner is currently in custody at the Monroe Correctional Center in Washington.

## FACTUAL AND PROCEDURAL BACKGROUND

     Petitioner's convictions are based on a robbery of a gas station on December 20, 2003.  Petitioner robbed the gas station and fled the scene.  He was followed to an apartment complex, where he gained entrance into the home of Douglas Bushaw, under the ruse that he needed to use the phone because his

wife was in the process of having a baby.  Once Petitioner was inside the apartment he  pointed a gun at

Mr. Bushaw, and Mr. Bushaw was told to cooperate and keep a lookout.  At some point police officers

arrived at the scene and knocked on the door of the apartment.  Petitioner instructed Mr. Bushaw to

answer the door and to be careful about what he said. Mr. Bushaw answered the police questions, telling

them the had not seen anyone and the officers left.  However, the officers came back a few minutes later

and knocked on the door, at which time Petitioner instructed Mr. Bushaw to not answer the door, but Mr.

Bushaw explained that it would look funny if he failed to answer the door when he had done so just a few

minutes before they came back.  When Mr. Bushaw opened the door the second time, he simply pointed

inside, and ran out of the apartment.  Petitioner was arrested.

In his petition for writ of habeas corpus filed with this court on December 13, 2007, Petitioner

raises the following three issues challenging his convictions and sentence:

(1)  Petitioner's due process rights under the Fifth and Fourteenth Amendments were violated
     when defense counsel conspired with the prosecution and used the signing of a stipulation
     as a ruse to force Petitioner to unknowingly and unwittingly admit to the insufficient
     evidence of prior crimes to support a sentence of life without the possibility of parole
     under the Persistent Offender Accountability Act;

(2)  Petitioner was deprived of his Sixth Amendment right to effective assistance of counsel at
     his sentencing hearing at which he was sentenced to prison for the rest of his life without
     the possibility of parole; and

(3)  There was insufficient evidence to prove an essential element of residential burglary, as
     defined in RCW 9A.52.03(1).

After carefully reviewing the petition for writ of habeas corpus, the answer to the petition, and the

relevant state court record filed by respondent, this court recommends denial of the petition.

## EVIDENTIARY HEARING NOT REQUIRED

In its Order Directing Service and Response, the court directed respondent to state whether or not

an evidentiary hearing was necessary.  The function of an evidentiary hearing is to try issues of fact; such

a hearing is unnecessary when only issues of law are raised.  See, e.g., Yeaman v. United States, 326 F.2d

293 (9th Cir. 1963). The undersigned judge concludes that there are no relevant factual disputes to resolve

in order for the Court to render its decision in this case.  Accordingly, an evidentiary hearing was not

conducted.

## DISCUSSION

The federal courts may intervene in the state judicial process only to correct wrongs of a

constitutional dimension.  Engle v. Isaac, 456 U.S. 107 (1983).  Section 2254 explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States."  28 U.S.C. § 2254(a)(1995).  The Supreme court has stated many times that federal habeas corpus relief does not lie for mere errors of state law.  Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts.  28 U.S.C. §2254(d).  Further, a determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. §2254(e)(1).

Before granting relief, the district court must first determine whether the state court decision was erroneous.  Van Tran v. Lindsey, 212 F.3d 1143, 1155 (9th Cir. 2000), *cert. denied*, 121 5. Ct. 340 (2000).  The district court must then determine whether the state court decision involved an unreasonable application of clearly established federal law.  Id.  The district court may grant habeas relief only if it finds the state court decision was unreasonable.  Van Tran, 212 F.3d at 1153; Weighall v. Middle, 215 F.3d 1058, 1063 (9th Cir. 2000).

## A. EXHAUSTION AND PROCEDURAL BAR

As a threshold issue the Court must determine whether or not petitioner has properly presented his federal habeas claims to the state courts.  28 U.S.C. § 2254 (b)(1) states, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

If exhaustion is to be waived, it must be waived explicitly by respondent.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may not be implied or inferred.

A petition can satisfy the exhaustion requirement by providing the highest state court with a full

1  and fair opportunity to consider all claims before presenting them to the federal court.  O'Sullivan v.

2  Boerckle, 526 U.S. 838, 845 (1999); Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768

3  F.2d 1083, 1086 (9th Cir.), *cert. denied*, 478 U.S. 1021 (1986).  Full and fair presentation of claims to the

4  state court requires "full factual development" of the claims in that forum.  Kenney v. Tamayo-Reyes, 504

5  U.S. 1, 8 (1992).  It is not enough that all the facts necessary to support the federal claim were before the

6  state courts or that a somewhat similar state law claim was made.   Duncan v. Henry, 513 U.S 364, 365-

7  366 (1995), *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982).

8       Respondent argues in his Answer to the petition that the court should find Petitioner failed to

9  properly exhaust his first and second claim and that therefore, these claims should be dismissed.  After

10  carefully reviewing the state court record, and giving every benefit of doubt to Petitioner on this issue, the

11  undersigned is not persuaded by Respondent's argument.  Petitioner arguably raised each of the claims in

12  his Motion for Discretionary Review filed with the Washington State Supreme Court.  The court should

13  consider the merits of Petitioner's claims.

14  **B. INEFFECTIVE ASSISTANCE OF COUNSEL**

15       Petitioner's first and second claims are based on the allegation that his sentence should be

16  overturned because he was not afforded effective assistance of counsel.  Specifically, Petitioner argues his

17  general due process rights and his specific Sixth Amendment right to effective assistance of counsel were

18  breached when his counsel directed Petitioner to sign a stipulation, admitting that two previous

19  convictions should be considered "strikes", which formed the basis for the trial court's finding that

20  Petitioner was a persistent offender and sentenced to life in prison.

21       The Due Process Clause of the Fourteenth Amendment provides that no state shall deprive "any

22  person of life, liberty, or property, without due process of law."  U.S. Const. Amend. XIV.  The Sixth

23  Amendment guarantees an effective advocate for each criminal defendant.  Wheat v. United States, 486

24  U.S. 153, 159 (1988)  The Sixth Amendment guarantees defendants in criminal cases the right to

25  adequate representation, but those who do not have the means to hire their own lawyers have no

26  cognizable complaint so long as they are adequately represented by attorneys appointed by the courts.

27  "[A] defendant may not insist on representation by an attorney he cannot afford."  Id.

28       The specific test to be applied in determining whether petitioner received ineffective assistance of

counsel is twofold:  petitioner must demonstrate both that counsel's performance was, considering all the circumstances, unreasonable under prevailing professional norms, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-91 (1984).   Both parts need be established; failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.  Strickland, 466 U.S. at 700.  Considering the first prong, petitioner must rebut "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and that counsel's performance was "sound trial strategy."  Id. at 689.  The Court must attempt to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  Id.   To meet the second Strickland requirement of prejudice, "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.

Plaintiff's claims of denial of effective assistance of counsel are without merit.  Petitioner's attorney's performance (stipulating to the two prior Washington Pierce County convictions and not requiring proof of these offenses at sentencing) was objectively reasonable. There was simply no basis not to stipulate to the Washington convictions from the same county where Petitioner was standing trial at the time.   Both prior convictions were relatively recent, and not foreign or federal.  Moreover, Petitioner cannot show prejudice.  Both prior convictions were properly considered strikes for persistent offender purposes.  The first prior conviction was obtained in State v. Vestal, Pierce County Cause No. 87-1-00631-1 (rape in the second degree), and the second "strike" was obtained in State v. Vestal, Pierce County Cause No. 93-1-03001-2 (attempted robbery in the first degree).  Given such clear evidence, it was reasonable and appropriate for Petitioner's counsel to seek a stipulation to present to the court in this matter.

Finally, the State Court of Appeals adjudicated the ineffectiveness claim on the merits, and the adjudication was not contrary to, or an unreasonable application of, clearly established federal law.  It wrote:

> Vestal further contends that defense counsel was constitutionally ineffective for not requiring the State to prove his prior strikes using certified copies of each judgment and sentence. The thrust of Vestal's argument is that a defendant facing a POAA sentence has nothing to lose, and possibly something to gain, by refusing to stipulate and forcing the

State to prove his criminal history. We decline to hold that a defense attorney acts
unreasonably by being conscious of the court's burdensome docket and stipulating to
matters that may be serious but are undisputed. Moreover, even if we assume that
encouraging a stipulation is deficient performance, Vestal has not shown prejudice. He
does not claim that his sentences or criminal history are erroneous. Nor does he dispute
that his counsel possessed copies of the proof he now says should have been handed to the
sentencing court in lieu of the stipulation. Vestal's counsel was not ineffective.

State Court Records (Doc. 12) Exhibit 5 at 10-11.  The federal court is prohibited  from granting a habeas

petition with respect to any claim adjudicated on the merits in the state courts unless the adjudication

either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based

on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28

U.S.C. § 2254(d).

## C. INSUFFICIENT EVIDENCE TO SUPPORT THE RESIDENTIAL BURGLARY CONVICTION

The court examines the sufficiency of the evidence to support a conviction in the light most

favorable to the prosecution.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Carpenter,

95 F.3d 773, 775 (9th Cir.1996), cert. denied, 117 S.Ct. 1094 (1997).  The court must determine whether

"any rational trier of fact could have found the essential elements of the crime beyond a reasonable

doubt."  Jackson, 443 U.S. at 319; United States v. Orozco-Santillan, 903 F.2d 1262, 1264 (9th Cir.1990).

Petitioner argues the evidence at trial was not sufficient to support the residential burglary

conviction.  The court is not persuaded by Petitioner's claims.   According to the records, evidence at trial

indicated Petitioner  entered Mr. Bushaw's apartment pretending he needed to use a phone because his

wife was in labor.   Petitioner threatened Mr. Bushaw with physical injury and directed him to be quiet, to

keep a lookout, and to make sure no one knew he was inside when Bushaw answered the door.  This

evidence was sufficient under Washington law for any rational jury to find he committed a crime of

residential burglary, i.e. he unlawfully entered Bushaw.s apartment and remained there with the intent to

commit a crime against Bushaw or his property. RCW 9A.52.025.

This claim also fails because Washington Court of Appeals adjudicated the claim on the merits,

and its decision is not contrary to, or an unreasonable application of, clearly established United States

Supreme Court case law.  It held as follows:

Sufficiency of the Evidence
A person is guilty of residential burglary if, with intent to commit a crime against a person

or property therein, the person enters or remains unlawfully in a dwelling other than a vehicle. RCW 9A.52.025(1). Here, Vestal argues, not that he lacked the capacity to form the required specific intent for residential burglary, but that the evidence was insufficient to find that he entered or remained unlawfully in Bashaw's apartment with intent to commit a crime against a person or property therein. We disagree.

A challenge to the sufficiency of the evidence admits the truth of the State's evidence and all reasonable inferences that can be drawn therefrom. *State v. Goodman*, 150 Wn.2d 774, 781, 83 P.3d 410 (2004). We will affirm a jury's guilty verdict if the evidence, when viewed in the light most favorable to the State, permits any rational trier of fact to find all the elements of the crime beyond a reasonable doubt. *Goodman*, 150 Wn.2d at 781.

The evidence was sufficient to find that Vestal entered Bushaw's apartment intending to commit a crime against Bushaw. Fleeing from the robbery, Vestal entered Bushaw's apartment without permission after telling him that he needed to use a phone because his wife was in labor. Vestal then told Bushaw that he would shoot him if Bushaw did not do as he ordered. Vestal told Bushaw to be quiet, to keep a lookout, and to make sure no one knew he was inside when Bushaw answered the door. The jury could conclude from this evidence that Vestal entered the apartment to abduct Bushaw and use him as an aid in escaping capture for the robbery.FN1 See RCW 9A.40.010(1)-(2) (defining .abduction.), .020 (first degree kidnaping). Sufficient evidence supports the jury's verdict finding Vestal guilty of residential burglary.

FN1. Citing only a portion of the prosecutor's closing, Vestal asserts that the State's theory was that Vestal entered Bushaw's apartment solely to elude his pursuers; thus, he did not enter with an intent to commit a crime against a person or property therein. But a review of the prosecutor's entire argument reflects the theory that Vestal entered the apartment to take Bushaw hostage as a means of furthering his escape.

State Court Records (Doc. 12) Exhibit 5 at 3-4.

## **CONCLUSION**

Based on the foregoing discussion, the Court should dismiss the petition for writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 9, 2008**, as noted in the caption.

DATED this 18th day of April, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge